E. E. Smith Company, Inc. *vs.* William J. Martin.

JULY 27, 1951.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Baker, J. This is a petition brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300, to review a preliminary agreement entered into by the parties. After a hearing in the superior court a decree was entered granting petitioner partial relief and from the entry of that decree respondent duly prosecuted his appeal to this court.

It appears from the evidence that on July 28, 1949 respondent, then thirty-six years of age, was an employee of petitioner and suffered an injury arising out of and in the course of his employment. As stated in the agreement, which was dated August 17, 1949 and which provided that respondent be paid compensation for the duration of his

total incapacity, he was helping to unload boards from a freight car and was required to bend and twist in order to get them through the door of the car.

While so engaged he experienced a sharp pain in his lower back and suffered an injury described as a "wrenched back." His boss told him to go home and rest which he did. He reported for work the next day but stated that his back was very painful, whereupon he was instructed to see a physician. He followed this advice and consulted his own doctor who treated him thereafter and was still treating him at the time of the hearing in the superior court. About November 1949 and again in the early spring of 1950 petitioner offered him light work in connection with sorting buttons while sitting down, but the offer was not accepted. He has been unemployed since the date of the injury, has never applied for light work, and claims to be totally incapacitated.

Petitioner alleges that the incapacity of respondent for work has ended or diminished and asks that compensation payments to him may be discontinued or that such other order may be entered as justice may require. The decree appealed from contains the following findings of fact by the trial justice: "3. As of the date of this decree the respondent is no longer totally incapacitated and is at most only partially incapacitated. 4. The respondent is able to return to work and to do many forms of light work." After providing that he be paid $18 per week for partial incapacity, such amount to be reduced in accordance with the provisions of the act by any sums he might earn, the decree concludes with an order that if respondent fails to return to work within ten days from the entry of the decree all compensation payments shall be suspended.

Petitioner contends that there is legal evidence to support the above findings and that in the circumstances the decree was properly entered. Respondent, however, argues that the third finding of fact is not based on legal evidence but

is predicated solely upon conjecture. An examination of the evidence relating to his physical condition at the time of the hearing in the superior court and prior thereto shows such evidence to be conflicting. It is well settled that in a proceeding of this nature it is the duty of the superior court and not of this court to weigh the evidence.

The transcript shows that two doctors, both orthopedic specialists, were called as witnesses by petitioner. The first one was an impartial examiner appointed by the department of labor. He testified that he gave respondent thorough examinations twice, once on March 30, 1950 and again on August 31, 1950; that he inspected X-ray photographs of respondent's back taken by another physician and found them to be negative; that his chief complaint was of pain in the back; that on both examinations the witness' diagnosis was low back strain; that he found no objective symptoms at any time; and that on the first examination he prescribed stretching exercises. After that examination the witness was of the opinion, as stated in his written report which was in evidence, that respondent "should be able to return to work in about three months if he will do stretching exercises to his back muscles."

The witness, after his second examination which he made at the request of petitioner, was of the opinion that respondent had definitely improved; that his back muscles were looser; and that, as stated in his second report which was also in evidence, "if he could get a sufficiently light job at this time, he probably could do it. Otherwise, it will probably be another two or three months before he can return to his usual heavy work." This witness testified that at his first examination respondent's posture was defective because his right leg appeared to be somewhat short but that at the second examination his pelvis was level, his back was straight, and his posture was fairly good. In any event in the opinion of the witness the above condition was not due to the accident.

The second doctor examined respondent twice on behalf

of the petitioner, once on August 23 and again on November 21, 1949. His examinations were of the same nature as those of the first doctor and the findings were generally similar. However, no defect in respondent's posture was observed by this witness. After his first examination he made a written report to petitioner which was in evidence, stating therein that "In absence of any positive objective findings, I feel that no further treatment is indicated. I feel that this patient should return to work and that he start with work that does not require undue bending or lifting and that he gradually work his way into his regular occupation." The second examination by this doctor revealed nothing new according to his testimony and his written report which was in evidence concluded with the statement: "I still feel that this patient has at least partial earning capacity."

On the other hand respondent testified, among other things, that he felt he could not sort buttons, even if he was able to sit while doing so, as it was necessary to bend over and rotate his arms and back to some extent; that he has constant pain in his back; and that he believes he cannot do any kind of work. He also stated that when he was examined by the impartial examiner there was a swelling above the coccyx; that he is still being treated by his doctor; that on his recommendation respondent is wearing a belt; and that he tried the stretching exercises but not under the supervision of a doctor.

Respondent's physician, a general practitioner, testified in substance that he examined respondent after his accident; that he has treated him by microthermy and injections; that the X-ray photographs taken immediately after the accident were negative; that the witness did not refer respondent to any orthopedist for examination; that a swelling on the left side of the patient's lower back comes and goes; that the muscles of his back are stiff; that since March 1950 respondent has walked with a limp which the witness believes is due to the accident; that he does not

recommend exercises since in his opinion they would aggravate the pain; that he did not advise respondent doing even light work because he still complains of pain; and that witness' diagnosis is a chronic low back strain with the possibility of a ruptured disc about which he is uncertain.

In support of his contention that the findings of the trial justice are predicated solely on conjecture, respondent argues in substance that petitioner's medical evidence related to an appreciable time prior to the hearing in the superior court, whereas the evidence of respondent's doctor covered continuous treatments from the injury to the time of such hearing. In our opinion the argument is without merit. The medical evidence submitted for the petitioner was the result of four examinations of respondent, two made by one orthopedic specialist and two by another specialist at times reasonably close to the hearing in the superior court. In the circumstances the state of the medical evidence, all of which showed that respondent's physical condition was not changing materially, raised a question of the weight to be given it by the trial justice. On the conflicting evidence he determined that issue in favor of petitioner and we do not review such a decision.

Upon consideration it is our judgment that there clearly was legal evidence to support the findings of fact of the trial justice as contained in the decree. No question of fraud is raised herein and therefore such findings become conclusive under the act. G. L. 1938, chap. 300, art. III, §6. We are of the opinion, however, that the decree should be modified as to form so as to provide that compensation payments shall be suspended if respondent fails to return to work within ten days after receiving from the petitioner an offer of light work requiring no "undue bending or lifting."

The respondent's appeal is denied, the decree appealed from is modified as above stated; otherwise it is affirmed; and on October 1, 1951 the parties may present to this

court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for petitioner.

*Raymond W. Monaco,* for respondent.